IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JOHN C. TANIS, III, | : | BANKRUPTCY NO.: 5-05-bk-54104-JJT |
| DEBTOR | : | |
| JOHN C. TANIS, III, | : | {**Nature of Proceeding**: Motion to Stay - Dismiss Claims Hearings (Doc. #96)} |
| PETITIONER | : | |
| vs. | : | |
| AMY - JESSE DOCALAVICH ALBERT E. HANKINSON, et al., | : | |
| CREDITORS | : | |

# OPINION

This case began as a Chapter 13 filing on July 22, 2005, by the Debtor, John Tanis. On June 26, 2006, the case was converted to Chapter 7. A discharge was entered on August 20, 2007, and the case closed on September 18, 2007. Over 3½ years later, the Debtor, now without counsel, filed what is termed a "Motion to Stay - Dismiss Claims Hearings." While fairly inarticulate, I surmise that the Debtor is seeking to enjoin a litigation now proceeding in a Wyoming County, Pennsylvania court, wherein he is named a defendant. I set a hearing on this Motion to sort out the underpinnings of the case. On June 1, 2011, a hearing was held in which the Debtor and counsel for two other parties to the Wyoming County litigation appeared. While the Debtor spent considerable time complaining of the actions of the Federal Bureau of Prisons, the Court refocused the parties' attention on the essential question of whether this bankruptcy court had jurisdiction to entertain the Debtor's concerns. So as to frame the issue, the Court *sua sponte* moved to reopen the case. This was dependent on the question of whether the current litigation in Wyoming County Court was implicated by the Debtor's 2007 discharge. On quizzing the parties on what may be determined to be undisputed facts, I can preliminarily

conclude that the Debtor's involvement in the Wyoming County litigation sprung from an allegation that, on or about April, 9, 2006, due to Debtor's alleged negligence, a fire occurred on certain premises resulting in injury to one, Amy Docalavich. Recognizing that the Debtor was in Chapter 13 in April 2006 suggests that the claim of Amy Docalavich that arose about that time may be subject to the subsequent Chapter 7 discharge. 11 U.S.C. § 348(d). This is so even though the Debtor may not have notified Ms. Docalavich of the bankruptcy. *Judd v. Wolfe*, 78 F.3d 110 (3rd Cir.1996).

I am satisfied that these underlying facts suggest that there are justiciable issues that merit granting the Court's *sua sponte* motion to open for the purpose of determining the dischargeability of this alleged obligation. This is a matter that should be initiated by adversary complaint. Federal Rule of Bankruptcy Procedure 4007. Notwithstanding this conclusion, the Court recognizes that this bankruptcy court may have concurrent jurisdiction with the state court over a determination of the dischargeability of this debt.[1] Therefore, I will give the parties thirty (30) days to initiate a Complaint in this Court to determine this debt's status. If such a Complaint is not filed in this Court, I will assume that the parties do not wish to invoke the bankruptcy court's jurisdiction and I will reclose the estate.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: August 17, 2011

---

[1] Pa. R.C.P. 1030 identifies "discharge in bankruptcy" as an affirmative defense.